IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Khalid Ali, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) No. _____ |
| -*vs*- | ) |
| | ) |
| City of Chicago, Chicago Police | ) *(jury demand)* |
| Officers Nora Valdes, #8413, John | ) |
| K. Kelyana, #7717, and Lieutenant | ) |
| Kevin D. Reppen, #355, | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2. Plaintiff Khalid Ali is a resident of the Northern District of Illinois.

3. Defendant City of Chicago is an Illinois municipal corporation joined in this action as the potential indemnitor of the individual officer defendants.

4. Defendants Police Officer Nora Valdes, #8413, Police Officer John K. Kelyana, #7717, and Lieutenant Kevin D. Reppen, #355, were at all times relevant acting under color of their offices as police officers of the City of Chicago.

5. In June of 2017, a judge of the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois issued a "body attachment for indirect civil contempt" directed to a person named "Khalid Ali."

6. Under Illinois law, a "body attachment for indirect civil complaint" is an arrest warrant.

7. Plaintiff is not the "Khalid Ali" named in the above referred body attachment.

8. The above referred body attachment described Mr. Ali as:

   (a) Five feet seven inches tall,

   (b) Weighing 250 pounds,

   (c) Living at a specified address in the 8200 block of McCormick in Skokie, Illinois, and

   (d) Born on a specified date in August of 1957.

9. The City of Chicago, through its employees, became aware of the body attachment and entered information about it into a computer database.

10. On April 15, 2018, defendants Valdes and Kelyana, acting under color of their authority as Chicago police officers, stopped plaintiff for a minor traffic violation while he was operating a motor vehicle. Plaintiff does not raise any claim in this action about the legality of the stop.

11. Defendants Valdes and Kelyana inspected plaintiff's valid Illinois driver's license and determined that he lived in the City of Chicago at a specified address in the 5000 block of North Harding Avenue, that he had been born

on a specified date in April of 1972, that he was five feet eight inches tall, and that he weighed 200 pounds.

12. At all times relevant, the City of Chicago and its police officers have known that a warrant (or a "body attachment for indirect civil contempt") must contain identifying information in addition to first and last name in order to distinguish the person named in the warrant from others of similar names.

13. At all times relevant, the standard of care for police officers who come across a person who has the same first and last name as the person named in a warrant has been to compare identifying information in the warrant (such as date of birth, address, height, and weight) to determine that the suspect is the person sought in the warrant.

14. Defendants Valdes and Kelyana used the demographic information described in paragraph 10 above to query a database maintained by the City of Chicago.

15. The query of the database revealed that a warrant had been issued for the "Khalid Ali" described in paragraph 7 above.

16. Defendants Valdes and Kelyana determined that plaintiff had a valid Illinois driver's license, did not reside in Skokie, and was 15 years younger than the person sought in the warrant.

17. Acting solely on the similarity between plaintiff's name and the name of the person sought in the warrant, defendants Valdes and Kelyana arrested plaintiff on the above referred warrant.

18. Defendants Valdes and Kelyana acted unreasonably in arresting plaintiff on the above referred warrant.

19. Defendants Valdes and Kelyana, after arresting plaintiff, transported plaintiff to a police station where defendant Reppen reviewed their decision to arrest plaintiff on the warrant.

20. Defendant Reppen determined that there was probable cause to hold plaintiff on the above referred warrant and caused plaintiff to be held in custody and transported to the Cook County Jail.

21. Defendant Reppen acted unreasonably in causing plaintiff to be held in custody.

22. Plaintiff remained in custody until about 8:00 p.m. on April 16, 2018.

23. Plaintiff appeared before a judge of Circuit Court of the Eighteenth Judicial Circuit on May 22, 2018; the judge found that plaintiff was not the subject of the body attachment.

24. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

25. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory and punitive damages be awarded against defendants Valdes, Kelyana, and Reppen, that a declaratory judgment be entered that the City of Chicago is liable as the indemnifier for any award of compensatory damages, and that the costs of this action, including fees and costs, be taxed against defendants.

/s/ Kenneth N. Flaxman
KENNETH N. FLAXMAN
ARDC No. 830399
JOEL A. FLAXMAN
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*attorneys for plaintiff*