IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Khalid Ali, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 19-cv-00022 |
| -*vs*- ) | |
| ) | |
| City of Chicago, Chicago Police ) | *(Judge Chang)* |
| Officers Nora Valdes, #8413, John ) | |
| K. Kelyana, #7717, Lieutenant ) | |
| Kevin D. Reppen, #355, and ) | |
| Sergeant Vincent Vogt, ) | |
| ) | |
| *Defendants.* ) | |

## SECOND AMENDED COMPLAINT

Plaintiff, by counsel and pursuant to leave of Court, files this second amended complaint and alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2. Plaintiff Khalid Ali is a resident of the Northern District of Illinois.

3. Defendant City of Chicago is an Illinois municipal corporation joined in this action as the potential indemnitor of the individual officer defendants.

4. Defendants Police Officer Nora Valdes, #8413, Police Officer John K. Kelyana, #7717, Lieutenant Kevin D. Reppen, #355, and Sergeant Vincent Vogt, #845 were at all times relevant acting under color of their offices as police officers of the City of Chicago.

5. In June of 2017, a judge of the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois issued a "body attachment for indirect civil contempt" directed to a person named "Khalid Ali."

6. Under Illinois law, a "body attachment for indirect civil complaint" is an arrest warrant.

7. Plaintiff is not the "Khalid Ali" named in the above referred body attachment.

8. The above referred body attachment described Mr. Ali as:

    (a) Five feet seven inches tall,

    (b) Weighing 250 pounds,

    (c) Living at a specified address in the 8200 block of McCormick in Skokie, Illinois, and

    (d) Born on a specified date in August of 1957.

9. The City of Chicago, through its employees, became aware of the body attachment and entered information about it into a computer database.

10. On April 15, 2018, defendants Valdes and Kelyana, acting under color of their authority as Chicago police officers, stopped plaintiff for a

minor traffic violation while he was operating a motor vehicle. Plaintiff does not raise any claim in this action about the legality of the stop.

11. Defendants Valdes and Kelyana inspected plaintiff's valid Illinois driver's license and determined that he lived in the City of Chicago at a specified address in the 5000 block of North Harding Avenue, that he had been born on a specified date in April of 1972, that he was five feet eight inches tall, and that he weighed 200 pounds.

12. At all times relevant, the City of Chicago and its police officers have known that a warrant (or a "body attachment for indirect civil contempt") must contain identifying information in addition to first and last name in order to distinguish the person named in the warrant from others of similar names.

13. At all times relevant, the standard of care for police officers who come across a person who has the same first and last name as the person named in a warrant has been to compare identifying information in the warrant (such as date of birth, address, height, and weight) to determine that the suspect is the person sought in the warrant.

14. At all times relevant, an Order of the Chicago Police Department, Special Order S06-12-02, established the duties of Chicago Police

Department employees to verify that a person arrested on the basis of a computer name check was the person sought in a valid warrant.

15. Defendants Valdes and Kelyana used the demographic information described in paragraph 10 above to query a database maintained by the City of Chicago.

16. The query of the database revealed that a warrant had been issued for the "Khalid Ali" described in paragraph 7 above.

17. Defendants Valdes and Kelyana determined that plaintiff had a valid Illinois driver's license, did not reside in Skokie, and was 15 years younger than the person sought in the warrant.

18. Acting solely on the similarity between plaintiff's name and the name of the person sought in the warrant, defendants Valdes and Kelyana arrested plaintiff on the above referred warrant.

19. Defendants Valdes and Kelyana acted unreasonably in arresting plaintiff on the above referred warrant.

20. Defendants Valdes and Kelyana, after arresting plaintiff, transported plaintiff to a police station where defendants Reppen and Vogt reviewed their decision to arrest plaintiff on the warrant.

21. Defendants Reppen and Vogt determined that there was probable cause to hold plaintiff on the above referred warrant and caused plaintiff to be held in custody and transported to the Cook County Jail.

22. At about 3:00 p.m. on April 15, 2018, employees of defendant City of Chicago received, at the police station where plaintiff was detained, a fax from employees of DuPage County providing a copy of the body attachment for indirect civil complaint, which included the identifying information set out in paragraph 8 above, and stating that the bond for the warrant upon which plaintiff was arrested was "150 FULL CASH."

23. In determining that there was probable cause to hold plaintiff on the above referred warrant, defendants Valdes, Kelyana, Reppen and Vogt disregarded the information contained on the arrest warrant and thereby acted unreasonably in causing plaintiff to be held in custody.

24. Plaintiff had in his possession when he was arrested more than $150 in United States Currency.

25. Defendants Valdes, Kelyana, Reppen, and Vogt knew that plaintiff's bond was $150 and that plaintiff could pay the bond; nevertheless, these defendants unreasonably refused to allow plaintiff to bond himself out.

26. In the alternative, the employees of defendant City of Chicago who refused to allow plaintiff to post a bond acted pursuant to a policy of

defendant City of Chicago of refusing to release on bond an arrestee taken into custody on an arrest warrant issued by an Illinois state court outside of Cook County.

27. Plaintiff remained in custody until about 8:00 p.m. on April 16, 2018.

28. Plaintiff appeared before a judge of Circuit Court of the Eighteenth Judicial Circuit on May 22, 2018; the judge found that plaintiff was not the subject of the body attachment.

29. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

30. Plaintiff also asserts the following supplemental state law claims against defendant City of Chicago only:

> (a) plaintiff was deprived of liberty by the willful and wanton conduct of employees of defendant City of Chicago who breached their duty to properly determine that he was the person sought in a warrant and who acted in reckless disregard for plaintiff's liberty; and
>
> (b) plaintiff was thereby subjected to false imprisonment by employees of defendant City of Chicago.

31. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory and punitive damages be awarded against defendants Valdes, Kelyana,

Reppen, and Vogt, that appropriate compensatory damages be awarded against defendant City of Chicago, and that a declaratory judgment be entered that the City of Chicago is liable as the indemnifier for any award of compensatory damages against the individual defendants, and that the costs of this action, including fees and costs, be taxed against defendants.

> /s/ <u>Kenneth N. Flaxman</u>
> KENNETH N. FLAXMAN
> ARDC No. 830399
> JOEL A. FLAXMAN
> 200 S Michigan Ave Ste 201
> Chicago, IL 60604-2430
> (312) 427-3200
> *attorneys for plaintiff*