IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Khalid Ali, | ) |
|       *Plaintiff,* | ) ) ) ) No. 19-cv-00022 |
| -vs- | ) ) |
| City of Chicago, et al., | ) *(Judge Chang)* ) |
|       *Defendants.* | ) |

## RESPONSE TO MOTION TO STRIKE
## AND TO REOPEN FACT DISCOVERY

The Court should deny defendant City of Chicago's motion to strike pursuant to *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015). The Court should only grant the City's alternative motion to reopen discovery if it finds that the City has made the showing of "excusable neglect" required by Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. If the Court allows additional discovery on class maintainability, it should impose the limitations discussed below.

### I. Procedural History

Defendants agreed, at the status hearing on December 6, 2019, "that fact discovery is closed and neither side is likely to retain experts, though the City will make a final decision per the schedule set in this entry." (ECF No. 43.) The Court ordered that "[i]f the City believes it needs an expert to

respond, then the City shall file a motion to vacate the briefing schedule." (*Id.*) The City has not complied with that order.

On December 23, 2019—the day for the City to file its expert motion—the City filed a motion to "STRIKE PLAINTIFF'S MOTION TO CERTIFY CLASS, OR, IN THE ALTERNATIVE, TO REOPEN FACT DISCOVERY." (ECF No. 53.) The single reference in this motion to an expert is the assertion at page 6 that, if permitted to take additional discovery, the City "may have to retain an expert to analyze this data." (ECF No. 53 at 6.)

Plaintiff shows below, in Section II, that the motion to strike is frivolous and discusses in Sections III and IV the City's alternative request to reopen discovery on class maintainability.

## II. The Motion to Strike Is Frivolous

Defendant asserts that a party must include class allegations in its complaint before moving for class certification. (ECF No. 53 at 2-3.) The Seventh Circuit rejected this argument in *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015) when it held that "motions practice and a decision under Rule 23 do not require the plaintiff to amend the complaint [to include class allegations]." *Id.* at 785. The Court of Appeals explained this result as follows:

-2-

> The parties and the district judge have proceeded as if Chapman's proposal to certify a class defined with reference to the opt-out notice requires an amendment to the complaint, to which the standards of FED. R. CIV. P. 15(a)(2) apply. They don't say why, and we can't see why. A complaint must contain three things: a statement of subject-matter jurisdiction, a claim for relief, and a demand for a remedy. FED. R. CIV. P. 8(a). Class definitions are not on that list. Instead the obligation to define the class falls on the judge's shoulders under FED. R. CIV. P. 23(c)(1)(B). See *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011). The judge may ask for the parties' help, but motions practice and a decision under Rule 23 do not require the plaintiff to amend the complaint.

*Chapman*, 796 F.3d at 785.

Defendant does not suggest that the Supreme Court has disapproved *Chapman*. Nor does defendant assert that the Seventh Circuit has overruled *Chapman*. Defendant is unable to identify any reason "for extending, modifying, or reversing" *Chapman*, as required by Federal Rule of Civil Procedure 11(b)(2).

Rather than arguing that the Seventh Circuit has overruled *Chapman*, defendant asks the Court to follow an 80 year old decision from the Eighth Circuit, *Johnson v. Riverland Levee Dist.*, 117 F.2d 711, 715 (8th Cir. 1941), in which the Court observed that "[t]he amended complaint does not allege a class action."[1] (ECF No. 53 at 3.)

---

[1] Defendant mistakenly quotes *Johsnon* as stating the complaint "does not *plead* a class action." (ECF No. 53 at 3.) (emphasis added)

-3-

*Johnson* applied the rule that whether a case could proceed as a class action is determined by "the allegations of the … complaint." 117 F.3d at 714. The Seventh Circuit rejected this rule in *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672 (7th Cir. 2001), when it held that in ruling on a motion for class certification, a district judge may not accept as true the allegations of the complaint. *Id.* at 676-77. The Court of Appeals has not given any indication that it is likely to abandon this rule. *See e.g.*, *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1025 (7th Cir. 2018) ("the court must go beyond the pleadings").

Defendant also asks the Court to rely on *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008), a case the Seventh Circuit decided before *Chapman v. First Index, Inc., supra.* (ECF No. 53 at 3.) The defendants in *Arreola* unsuccessfully argued that the district court had abused its discretion in granting the plaintiff leave to amend his complaint (to add class allegations).[2] 546 F.3d at 795-96. Nothing in *Arreola* reached the question

---

[2] The Seventh Circuit rejected a similar argument in *King v. Kramer*, 763 F.3d 635 (7th Cir. 2014) where six weeks before trial, the plaintiff concluded that the case should go forward on a Fourth Amendment theory, rather than the Fourteenth Amendment theory the parties had litigated for more than four years. *Id.* at 638. The defendant filed a motion in limine to preclude King from amending the complaint or arguing the applicability of the Fourth Amendment objective reasonableness standard. *Id.* at 640. The district court barred the Fourth Amendment theory, but the Court of Appeals reversed and remanded for a new trial, holding that "no such amendment was necessary in order for King to argue a

the Seventh Circuit subsequently decided in *Chapman* about whether a complaint is required to contain class action allegations.

Defendant also asks the Court to rely on a decades-old decision from the Ninth Circuit, *Gillibeau v. City of Richmond*, 417 F.2d 426 (9th Cir. 1969), where the Court held that a complaint must include "a statement of basic facts" of each element of Rule 23. *Id.* at 432. (ECF No. 53 at 3.) This rule is contrary to that adopted by the Seventh Circuit in *Chapman* and other cases applying Rule 8 of the Federal Rules of Civil Procedure. *See, e.g*, *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017); *White v. City of Chicago*, 829 F.3d 837, 843-44 (7th Cir. 2016).

Defendant's motion to strike fails to meet the standards of Federal Rule of Civil Procedure 11(b)(2) and should be denied.

### III. The City Is Required to Show Excusable Neglect to Reopen Discovery

Plaintiff filed his motion for class certification on December 4, 2019. (ECF No. 41.) Fact discovery closed on December 6, 2019. (ECF No. 39.) The Court held a status hearing that day and all defendants agreed "that fact discovery is closed." (ECF No. 43.)

---

Fourth Amendment theory, because the facts required for that claim were in the complaint all along." *Id.* at 642.

Defendant City filed its motion seeking to reopen discovery on December 23, 2019. (ECF No. 53.) The Court should only grant this request for an "after-the-fact extension of time" if it finds the "excusable neglect" required by Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. *Hassebrock v. Bernhoft*, 815 F.3d 334, 341 (7th Cir. 2016); *Brosted v. Unum Life Ins. Co. of America*, 421 F.3d 459, 464 (7th Cir. 2005). Plaintiff does not take any position on whether the City has made this showing.

The City seeks to establish "excusable neglect" with the erroneous assertion that plaintiff filed his motion for class certification after "discovery in this case was closed."³ (ECF No. 53 at 1.) As set out above, plaintiff filed his filed his motion for class certification on December 4, 2019 and fact discovery closed on December 6, 2019. The City could have, but did not, raise a need for further discovery at the status hearing on December 6, 2019 but instead agreed "that fact discovery is closed." (ECF No. 43.)

Nor can the City establish "excusable neglect" by asserting that the class motion was "unexpected." (ECF No. 53 at 4.) Any claim of surprise is belied by the City's agreement at the status hearing on December 6, 2019

---

³ The City corrects this misstatement at page 4 of its memorandum, ECF 53 at 4: "Fact discovery in this case closed on December 6, 2019. *See* ECF No. 39. Two days before discovery closed, Plaintiff filed this unexpected motion to certify a class. *See* ECF No. 41."

(two days after plaintiff had filed the class motion), that all fact discovery had been completed.

If the Court finds "excusable neglect" and allows additional discovery on class maintainability, it should impose the specific limitations discussed below.

## IV. The Court Should Impose Limitations on Any Additional Discovery on Class Maintainability

The City asks the Court to reopen discovery to allow the parties to secure further evidence about numerosity, typicality, the adequacy of plaintiff's counsel to represent the class, and predominance and superiority. (ECF No. 53 at 4-7.) The Court should not allow discovery about counsel's ability to represent the class and should limit to written interrogatories any further discovery about typicality. If the Court allows additional discovery, both parties should be permitted to secure further evidence about numerosity and predominance.

### A. Numerosity

Plaintiff based his showing of numerosity on an analysis of 49 arrest reports plaintiff requested from the City on September 27, 2019. (Exhibit 1, attached). Defendant produced 636 pages of arrest reports and related information in response to this request on November 7, 2019. FCRL 000331-

000960. Plaintiff analyzed these materials and identified 42 members of the putative class. (ECF No. 41 at 4-5.)

Defendant does not dispute that 42 persons is sufficient to satisfy numerosity. *Mulvania v. Sheriff of Rock Island County*, 850 F.3d 849, 859 (7th Cir. 2017). Defendant asserts that further discovery is required to determine whether any of these 42 persons "was able to post bond but prevented from doing so." (ECF No. 53 at 6.) Plaintiff disagrees with this view of class membership because being "able to post bond but prevented from doing so" is not part of the proposed class definition. Plaintiff is confident that an expansion of the record about the 42 persons plaintiff identified as class members will show that each was harmed by the municipal policy plaintiff challenges in this case. Plaintiff therefore does not oppose this additional discovery (assuming that the Court finds "excusable neglect").

Defendant also asks for production of the database plaintiff's counsel created from data produced by the Sheriff of Cook County through FOIA. (ECF No. 53 at 6.) Counsel shared the FOIA data for 2017-19 (the relevant period for this case) with defense counsel ACC Bret Kabacinski by a Dropbox link on December 25, 2019.

### B. Typicality

Defendant asserts that it must "depose Plaintiff again" about his individual claim. (ECF No. 43 at 5.) Defendant fully deposed plaintiff on October 25, 2019 and fails to explain what it hopes to learn at a second deposition. The Court should limit to written interrogatories any further inquiries of the named plaintiff.

### C. Adequacy of Representation

Defendant claims that it is entitled to "limited discovery" to inquire into counsel's ability to represent the proposed class. (ECF No. 53 at 7.) It is not necessary to re-open discovery on this issue. Counsel's extensive involvement in class action litigation is a matter of public record. This record includes a pending case in which the City of Chicago conceded counsel's adequacy, *Conyers v. City of Chicago*, No. 12 CV 06144, 2017 WL 4310511, at *6 (N.D. Ill. Sept. 28, 2017), as well as another recent case in which the City made the same concession. *Beley v. City of Chicago*, 2015 WL 8153377, at *5 (N.D.Ill. 2015).

### D. Predominance

Defendant asserts that it requires "discovery relating to other class members to determine whether common questions of law or fact actually predominate in this case." (ECF No. 53 at 6.) Although defendant does not

indicate how it intends to conduct such discovery, plaintiff is prepared to conduct a survey of the members of the putative class and, if the Court finds "excusable neglect," does not oppose this request to allow further discovery.

### V. Conclusion

The Court should therefore deny the motion to strike. If the Court finds "excusable neglect," it should authorize limited discovery by both parties on class maintainability.

Respectfully submitted,

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
*attorneys for plaintiff*

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Khalid Abdullahi Ali, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 19-cv-22 |
| -*vs*- | ) | |
| | ) | |
| City of Chicago, et al. | ) | *(Judge Chang)* |
| | ) | |
| *Defendant.* | ) | |

## PLAINTIFF'S SECOND SUPPLEMENTAL REQUESTS FOR PRODUCTION TO DEFENDANT CITY OF CHICAGO

Pursuant to Federal Rule of Civil Procedure 34, defendant City of Chicago is requested to produce in native electronic format:

For each person identified by name, IR number, and approximate date of arrest in the attached Exhibit 1, the following:

1. The "arrest report" in the form produced in this case as FCRL 00000004-00000008.

2. The "criminal history report" in the form produced in this case as FCRL 00000009.

3. The "confirmation information" in the form produced in this case as FCRL 000017-000020.

4. The "prisoner transportation transmittal" in the form produced in this case as FCRL000021.

Dated: September 27, 2019

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
200 S Michigan Ave. Ste 201
Chicago, IL 60604
(312) 427-3200
*An Attorney for Plaintiff*

|    | B | C | D | E |
|----|---|---|---|---|
| 1 | **Approx Date of Arrest** | **IR No** | **Last Name** | **First Name** |
| 2 | 1/13/2018 | 1682738 | Gills | Raymond |
| 3 | 1/29/2018 | 2369376 | Owens | Timara |
| 4 | 2/15/2018 | 862757 | USTASIEWSKI | JANET |
| 5 | 2/26/2018 | 1950712 | Banks | Devonta |
| 6 | 3/8/2018 | 2153099 | Guzman-Gonz | Christopher |
| 7 | 3/17/2018 | 2372714 | Torres | Henry |
| 8 | 3/30/2018 | 2333264 | LOPEZ-OCAMP | JUAN |
| 9 | 4/11/2018 | 763842 | Tidwell | Willie |
| 10 | 4/21/2018 | 2375249 | OCHOA | ADRIAN |
| 11 | 4/29/2018 | 1782610 | Hartman | Brian |
| 12 | 5/10/2018 | 1717257 | cornell | amanda |
| 13 | 5/22/2018 | 2367702 | Valles | Sergio |
| 14 | 6/1/2018 | 2378574 | CLARK | BOBBY |
| 15 | 6/12/2018 | 2142486 | Wilson | Shaquille |
| 16 | 6/25/2018 | 2380232 | ROBEY | TYRONE |
| 17 | 7/8/2018 | 2381247 | HOLMAN | CANDANCE |
| 18 | 7/22/2018 | 1555076 | Stimage | Christopher |
| 19 | 7/31/2018 | 2376736 | Nicholson | Javon |
| 20 | 8/10/2018 | 1662843 | Lewis | Pierre |
| 21 | 8/21/2018 | 2124160 | WILLIS | LARRY |
| 22 | 9/1/2018 | 1422603 | Hollis | Gregory |
| 23 | 9/13/2018 | 2344226 | Williams | Markisha |
| 24 | 9/28/2018 | 2224279 | Murdock | Anthony |
| 25 | 10/10/2018 | 2352301 | BROWN | JAMES |
| 26 | 10/23/2018 | 2388742 | Burgiel | Rafal |
| 27 | 11/6/2018 | 1655359 | Pinkston | Likesha |
| 28 | 11/19/2018 | 1415189 | Scott | Leodis |
| 29 | 12/1/2018 | 998220 | Kuykendoll | James |
| 30 | 12/15/2018 | 2258903 | RUSHING | RAY |
| 31 | 12/27/2018 | 2103255 | Green | Quentrail |
| 32 | 1/8/2019 | 2237036 | Scott | Felicia |
| 33 | 1/19/2019 | 1275144 | Reed | Martel |
| 34 | 1/31/2019 | 1765502 | Gardner | Deandre |
| 35 | 2/11/2019 | 1745346 | Killingsworth | Devaul |
| 36 | 2/21/2019 | 1758536 | Shelton | Benyahmen |
| 37 | 2/28/2019 | 1489760 | DANIELS | RISHA |
| 38 | 3/9/2019 | 2398239 | SMITH | MARVIN |
| 39 | 3/17/2019 | 2106695 | BELL | EDWARD |
| 40 | 3/24/2019 | 1615608 | Beard | Jeffrey |
| 41 | 4/2/2019 | 2258186 | Mendez-Alvar | Alfredo |

|    | B         | C       | D           | E           |
|----|-----------|---------|-------------|-------------|
| 42 | 4/14/2019 | 2400982 | LAZCANO     | IVAN        |
| 43 | 4/25/2019 | 2401770 | Arnold      | Christopher |
| 44 | 5/5/2019  | 1773011 | RAMOS GOMEZ | ROSARIO     |
| 45 | 5/15/2019 | 2370791 | Lopez       | Kevin       |
| 46 | 5/24/2019 | 1804070 | Porche      | Al          |
| 47 | 6/2/2019  | 2085604 | PEREZ       | JOSE        |
| 48 | 6/12/2019 | 1389774 | Valencia    | Jonathan    |
| 49 | 6/22/2019 | 2309229 | KNOWLES     | CALVIN      |