IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Khalid Ali, | ) |
| | ) |
|     *Plaintiff,* | ) |
| | ) No. 19-cv-00022 |
|     -*vs*- | ) |
| | ) |
| City of Chicago, et al., | ) *(Judge Chang)* |
| | ) |
|     *Defendants.* | ) |

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDMENT TO SECOND AMENDED COMPLAINT

The Court should overrule defendant City of Chicago's objections (ECF No. 69) and grant plaintiff leave to file the proposed amendment to his complaint.

### I. The Standard for Plaintiff's Motion

The City is in error in asserting that the Court ordered plaintiff to "state good cause" for filing the amendment to his complaint. (ECF No. 69 at 1.) The phrase "good cause" does not appear in the Court's order of January 29, 2020, where the Court stated that "[i]] Plaintiff wishes to propose amending the Monell claim to add a class claim, then he must promptly file the motion and explain why leave should be granted." (ECF No. 59.)

The City's mistaken statement that the Court ordered plaintiff to show "good cause" is inconsistent with Rule 15(a)(2) of the Federal Rules of Civil

Procedure, which this Court recently analyzed in *Cossio v. Tourtelot*, No. 15 C 7746, 2019 WL 4749917 (N.D. Ill. Sept. 30, 2019):

> Indeed, "[d]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011) (cleaned up); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). And although delay alone usually does not warrant denying leave to amend, the "longer the delay, the greater the presumption against granting leave to amend." *Johnson*, 641 F.3d at 872 (cleaned up). Ultimately, "[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (cleaned up).

*Id.* at *3 (footnote omitted). Plaintiff demonstrated in his motion that there is "good cause" for allowing the amendment. (ECF No. 62 at 5.) Plaintiff also meets the more relaxed standard of Rule 15(a)(2).

The City, in its response to plaintiff's motion to amend, does not attempt to show "bad faith, dilatory motive, [or] repeated failure to cure deficiencies," but instead relies on factually inaccurate claims of delay and prejudice. Plaintiff shows that the Court should overrule each of these meritless objections and grant plaintiff leave to file the proposed amendment.

## II. Neither a 27 Day Delay Nor a 75 Day Delay Is "Undue Delay"

The City asks the Court to measure its claim of "undue delay" by the 75 days that elapsed from September 20, 2019, when it responded to plaintiff's

written discovery requests, to December 4, 2019, when plaintiff filed his motion for class certification.[1] (ECF No. 69 at 1-2.) The City claims that its policies were "well known ... since, at the latest, September of 2019." (ECF No. 69 at 2.) This is incorrect. As shown below, plaintiff did not have evidentiary support for a class motion until November 7, 2019 and filed his motion for class certification 27 days later, on December 4, 2019.

The City agreed at the status hearing on December 4, 2019 that fact discovery was complete (ECF No. 43) and did not raise any objection to the absence of class allegations in the second amended complaint either on December 4, 2019 or on December 13, 2019 when it filed its position on the sequence of litigation. (ECF No. 49.) The City did not complain about the absence of class allegations until December 23, 2019 when it moved to strike the motion or, in the alternative, sought an additional four months for additional discovery. (ECF No. 53.) The result is three months of "undue delay" because the City did not promptly object to plaintiff's class motion—in which plaintiff fronted the absence of class allegations in the complaint, ECF No. No. 41 at 1 n.1.

---

[1] The City omits the date it responded to plaintiff's requests, instead stating the date plaintiff served those requests. (ECF No. 69 at 1.) Plaintiff therefore attaches as Exhibit 6 the cover letter from defense counsel, dated September 20, 2019, that accompanied those responses.

The Court should reject the City's argument that its discovery responses of September 20, 2019 contained an admission that it was following the alleged policy plaintiff challenges in this case. (ECF No. 69 at 1-2.) The City supports this argument with its Responses to Requests for Production and Answers to Requests to Admit. (ECF Nos. 69-1, 69-2.) Plaintiff reproduces below Production Request 1 and the City's response:

> 1. All documents relating to the implementation within the Chicago Police Department of Circuit Court of Cook County, General Administrative Order No. 2015-06 (copy attached).
>
> **RESPONSE:** Defendant City of Chicago objects to this request on the grounds that it calls for documents protected by the deliberative process privilege, namely, any drafts of Special Order S06-12-02 or comments thereon, or drafts of other orders not put into force. Subject to and without waiving this objection, Defendant City of Chicago directs Plaintiff to Special Order S06-12-02, produced as FCRL 317-330.

(ECF No. 69-1 at 1-2.)

The text of a written policy is rarely enough to determine how, if at all, the policy has been implemented. The City of Chicago has a written policy set out in Chicago Police Board Rule 14 that prohibits police officers from "[m]aking a false report, written or oral."[2] The City, however, has long refused to enforce this rule, giving rise to the "code of silence" acknowledged by the present and former Mayors of the City of Chicago and carefully

---

[2] The Chicago Police Board Rules are available at
https://www.chicago.gov/content/dam/city/depts/cpb/PoliceDiscipline/RulesofProcedure20180322.pdf

-4-

documented by the United States Department of Justice in its Findings of Investigation into Chicago Police Department (2017), 78-82, available at https://www.justice.gov/opa/file/925846/download (visited March 10, 2020).[3]

In addition, the City's assertion of privilege and its refusal to produce documents is not an admission that the City "followed the policy put in place by the Chief Judge." (ECF No. 69 at 2.) This is especially true when the Chief Judge did not "put in place" any policy.

General Administrative Order No. 2015-06 of the Circuit Court of Cook County (attached as Exhibit 7) "is not equivalent to a court order and violation of the GAO is not punishable by contempt of court." *Alcorn v. City of Chicago*, No. 17 C 5859, 2018 WL 3614010, at *8 (N.D. Ill. July 27, 2018). Even assuming that General Administrative Order No. 2015-06 has the force of law, its concluding sentence makes plain that the Order does not prohibit the posting of bail by persons, like plaintiff, arrested on warrants from outside of Cook County; the final sentence states as follows:

> Further, when the defendant is able to post the bail set on the warrant issued by the demanding authority, the defendant shall be admitted to ball and scheduled for a court appearance in the county of the demanding authority.

(Exhibit 7.)

---

[3] The DOJ finding are admissible pursuant to Rule 803(8) of the Federal Rules of Evidence. *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016).

Equally without merit is the City's reliance (ECF No. 69 at 2) on its denials of plaintiff's Requests to Admit 1 and 2. These requests and the City's denials are as follows:

> 2. On April 15, 2018, a policy of the Police Department of the City of Chicago was to accept cash bond in the full amount of the bail stated in the warrant from any person arrested by Chicago police officers and held on an arrest warrant.
>
> **RESPONSE:** Defendant City of Chicago objects to the term "a policy" as vague, and further objects that the procedure in question was directed by court order of the Chief Judge of the Circuit Court of Cook County, which was followed by the City of Chicago. Subject to and without waiving these objections, denied.
>
> 3. On April 15, 2018, a policy of the Police Department of the City of Chicago was to accept cash bond in the full amount of the bail stated in the warrant from any person arrested by Chicago police officers and held on an arrest warrant regardless of whether the warrant had been issued by an Illinois state court inside or outside of Cook County.
>
> **RESPONSE:** Defendant City of Chicago objects to the term "a policy" as vague, and further objects that the policy in question was set by court order of the Chief Judge of the Circuit Court of Cook County, which was followed by the City of Chicago. Subject to and without waiving these objections, denied.

(ECF No. 69-2 at 1-2.) The City seeks to rely on these evasions to contend that "the City's procedures have been well-known by both sides of this lawsuit since, at the latest, September of 2019." (ECF No. 69 at 2.) The Court should reject this argument. As plaintiff showed in the motion to amend, the policy was not established until the Rule 30(b)(6) deposition conducted on November 22, 2019. (ECF No. 62 at 3.) The City simply ignores this showing.

Moreover, plaintiff required more than a denial of requests to admit, assertion of bogus privileges, and obstructionist responses to requests to produce to show that the case should be maintained as a class action. Nothing in these discovery responses shows that there is "[a] way to know or readily ascertain who is a member of the class." *Schneider v. Ecolab, Inc.*, No. 14 C 01044, 2016 WL 7840218, at *4 (N.D. Ill. Sept. 2, 2016), quoting *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 495 (7th Cir. 2012) (cleaned up).

Plaintiff explained in his class motion how the members of the class could be ascertained from records maintained by the City of Chicago and the Sheriff of Cook County. (ECF No. 41 at 3-5.) Plaintiff explained in his motion for leave to file an amendment to the complaint (ECF No. 62) that it was not until November 7, 2019, when the City responded to the document request plaintiff had served on September 27, 2019, that plaintiff had the evidentiary support required by Rule 11(b)(3) of the Federal Rules of Civil Procedure to show ascertainability and numerosity.

The City appears to argue that plaintiff had evidentiary support for numerosity and ascertainability as soon as plaintiff's counsel received a response from the Sheriff of Cook County to a "FOIA request served as the basis for his later discovery request to Defendant City." (ECF No. 69 at 3.) This is incorrect.

The FOIA response provided information about arrestees who had been assigned identification numbers by the Sheriff of Cook County. The FOIA data did not identify persons arrested by the Chicago police department on warrants issued outside of Cook County who were not permitted to post bond until appearing before a judge. Plaintiff explained in his class motion (ECF No. 41 at 4-5) how he used the FOIA data in combination with the documents the City provided on September 27, 2019 to identify 42 members of the putative class and to estimate the total class size (through June 30, 2019) as 2,942 persons.

The Court should reject the City's argument that plaintiff should have moved to amend as soon as he suspected "that this case could go beyond Plaintiff's own allegations." (ECF No. 69 at 3.) Plaintiff did not include any *Monell* theory in his original complaint, filed on January 2, 2019, because he did not believe that the case would go beyond the facts of his individual case. (ECF No. 1.) Plaintiff filed his first amended complaint on April 15, 2019, again without including any *Monell* claim against the City. (ECF No. 17.) Plaintiff added a *Monell* claim in the second amended complaint he filed on July 3, 2019. (ECF No. 26, ¶ 26.)

Discovery plaintiff conducted after he filed his second amended complaint provided the evidentiary support for a class motion. This evidence,

as plaintiff explained in his motion for leave to file an amendment to the complaint, consists of deposition testimony on August 5, 2019 (Lieutenant Reppen), October 22, 2019 (Sergeant Vogt) and November 22, 2019 (Lieutenant Mullenix), and documents produced by the City on November 7, 2019. (ECF No. 62 at 2-4.)

Plaintiff gave formal notice that he was seeking to maintain this case as a class action on December 4, 2019, less than one year after he filed the case, and just 27 days after he secured the evidence that supports prosecuting the case as a class action. This hardly constitutes "undue delay." The Court should therefore reject the City's argument that plaintiff unduly delayed in giving notice that he seeks to maintain the case as a class action.

### III. Plaintiff Reasonably Relied on *Chapman v. First Index, Inc.*

Plaintiff stated the following in footnote 1 of his motion for class certification:

> Plaintiff does not allege in his complaint that he brings this case as a class action; in this circuit, however, the rule is that "motions practice and a decision under Rule 23 do not require the plaintiff to amend the complaint [to include class allegations]." *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015).

(ECF No. 41 at 1 n.1.) The Court disagreed with plaintiff's reading of *Chapman*. (ECF No. 59). The City now asks the Court to refuse to permit plaintiff to file an amendment to his complaint to add class allegations because

plaintiff "should be stuck with the consequences of those choices when they prove incorrect." (ECF No. 69 at 2.) The Court should reject this novel forfeiture rule.

The general rule is that "[f]orfeiture occurs when a party fails to make an argument because of accident or neglect." *Sansone v. Brennan*, 917 F.3d 975, 983 (7th Cir. 2019). Here, plaintiff relied on a reading of *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) which, while rejected by this Court, is consistent with the Seventh Circuit's subsequent decision in *Koger v. Dart*, ___ F.3d ___, No. 19-2892, 2020 WL 893838, at *3 (7th Cir. Feb. 25, 2020). As *Koger* holds, "the fact that the complaint omits a legal theory cannot block a plaintiff from invoking that theory." *Id.*

Plaintiff acknowledges that the Court relied on the language of Rule 23(c) that a ruling on a motion for class certification comes "after a person sues or is sued as a class representative." (ECF No. 59.) Plaintiff's position is that this language does not modify the requirements of Rule 8 for the contents of a complaint. This position is supported by Federal Rule of Appellate Procedure 3(c)(3), which sets forth a specific requirement of "objective notice" that the appeal is being prosecuted for a proposed or certified class. *Murphy v. Keystone Steel & Wire Co., a Div. of Keystone Consol. Indus.*, 61 F.3d 560, 570 (7th Cir. 1995). The drafters of the Rules

-10-

knew how to impose a specific requirement for pleadings in class action cases, but chose not to do so for complaints. *Cf. Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 176 (1994) (applying "Congress knew how to" rule of statutory interpretation). The Court should reject the City's proposed forfeiture rule because it contravenes the command of Rule 1 of the Federal Rules of Civil Procedure to construe the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."

### IV. The City Would Not Be Prejudiced by the Proposed Amendment to the Complaint

The Court should also reject the City's arguments that it would be prejudiced if the Court allows plaintiff to file the proposed amendment to the complaint. (ECF No. 69 at 3-4.)

The City correctly points out that the individual defendants have moved for summary judgment. (ECF No. 69 at 3.) The City, however, has not filed such a motion. A trial will therefore be required to resolve plaintiff's *Monell* claim. *See Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010) (municipality can be held liable under *Monell* even when its officers are not held liable).

The trial on plaintiff's *Monell* claim will be the same whether the case proceeds as an individual or as a class action. To prove his *Monell* claim, plaintiff will rely on the written policy, testimony about its application, and

evidence about application of that policy to himself and to several of the 42 identified members of the proposed class. Thus, the proposed amendment would not delay the disposition of the case.

The City asserts that earlier notice of the possibility of a class action "may have drastically changed Defendant's litigation strategy." (ECF No. 69 at 3.) The City relies on the conclusory assertion that "certain strategic decisions have been taken from [the City] due to Plaintiff's delay in moving to amend to add a class-based claim." (ECF No. 69 at 3.) The City, however, does not provide any details about the "drastic changes." Nor does the City identify any of the "certain strategic decisions." Neither plaintiff nor the Court should be forced to hunt for truffles. *Wolfram v. Wolfram*, 78 F. Supp. 3d 758, 767 n.5 (N.D. Ill. 2015), citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

The only change in strategy offered by the City is that it might have made "a Rule 68 offer of judgment to provide some insurance against attorneys' fees in a low damages case." (*Id.*) The time for making a Rule 68 offer of judgment has not expired and the settlement discussions ordered by the Court, ECF No. 14, failed to resolve this case. Moreover, juries have awarded substantial damages for the type of case brought by plaintiff. In *Wilbon v. Plovanich*, 12-cv-1132 (N.D. Ill.), a jury awarded $290,000 to three

plaintiffs wrongfully detained for four hours. In *Warfield v. City of Chicago*, 05-cv-3712 (N.D. Ill), the jury awarded $109,004 to six plaintiffs who had been wrongfully detained for eight hours. More than 30 years ago, the jury in *Kirchoff v. Flynn*, 786 F.2d 320, 321 (7th Cir. 1986), awarded $25,000 for nine hours of detention.

Equally without merit is the City's misleading claim that it would be prejudiced because "discovery [is] over." ECF No. 69 at 3.) The Court has made plain that "there will be a discovery period on the propriety of certification" if it grants leave to file the amendment to the complaint. (ECF No. 59.) The City ignores its prior position that any additional discovery on plaintiff's class allegations will take no more than four months. (ECF No. 53 at 2, 7.)

In *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105 (4th Cir. 2013), the Fourth Circuit reversed a district court's refusal to allow amendment of class allegations in a case where "the original complaint was filed over three years prior, and Appellants did not seek to amend until briefing on Family Dollar's motion for summary judgment was almost complete." *Id.* at 117. The Fourth Circuit reversed, rejecting an argument of undue prejudice "[b]ecause the parties were still in discovery, and many steps removed from trial." *Id.* at 119. Similarly, in *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008), the class

claims were not presented until two and one-half years after the case had been filed. The Seventh Circuit upheld the district court's order granting leave to amend.[4] The Court should similarly grant plaintiff leave to file the proposed amendment to the complaint.

### V. Plaintiff Would Benefit from a Class Action

The City asserts that plaintiff will not receive any benefit if the Court grants him leave to file the amendment to the complaint. (ECF No. 4.) This is incorrect.

Plaintiff seeks to serve as a private attorney general to vindicate the "federal rights, and particularly federal constitutional rights," *Murphy v. Smith*, 864 F.3d 583, 586 (7th Cir. 2017), of those similarly situated. In addition to the benefits of serving the public good, plaintiff may receive financial benefits if the case proceeds as a class action and the class prevails.

One form of a financial benefit is an "incentive award," *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 874 (7th Cir. 2012), paid to the named plaintiff for his service to the class. Another financial benefit is distributing among the class the costs of the litigation and the fees of counsel. *See Wright v. Calumet City, Illinois*, 848 F.3d 814, 820 n.1 (7th Cir. 2017) (discussing

---

[4] The plaintiff in *Arreola* did not seek class certification without amending the complaint. Nothing in *Arreola* contradicts plaintiff's reading of the Seventh Circuit's subsequent decision in *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015).

*Pastor v. State Farm Mut. Auto Ins. Co.*, 487 F.3d 1042 (7th Cir. 2007)). The Court should therefore reject the City's claim that plaintiff lacks a concrete interest in pursuing this case as a class action.

## VI. Conclusion

For the reasons above stated and those previously advanced, the Court should grant plaintiff leave to file an amendment to the second amended complaint in the form filed as ECF No. 62-1.

                                                Respectfully submitted,

/s/ Kenneth N. Flaxman
    Kenneth N. Flaxman
    ARDC No. 0830399
    Joel A. Flaxman
    200 S Michigan Ave, Ste 201
    Chicago, IL 60604
    *Attorneys for Plaintiff*