UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KHALID ALI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:19-CV-00022 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS NORA VALDES and JOHN KELYANA, LIEUTENANT KEVIN REPPEN, and SERGANT VINCENT VOGT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this civil-rights lawsuit, Khalid Ali brought claims of false arrest, under the Fourth Amendment, against four Chicago Police Officers, alleging that they continued to hold him in custody after it was clear that he was not the same "Khalid Ali" named on a warrant issued in suburban DuPage County. R. 26, Second Am. Compl. He also brought state law claims against the City of Chicago, *id.* ¶ 30, as well as a *Monell* claim against the City, *id.* ¶ 26. The *Monell* claim alleging that the City had a policy that prevented him from posting bond and avoiding the night in jail. *Id.*

The individual officers moved for summary judgment. R. 65. The Court granted the motion in favor of two officers in the entirety, while a part of the false-arrest claim (specifically, the part premised on what happened after the warrant's arrival at the police station) survived as to the other two officers. R. 103. All of the parties settled and the case was dismissed in its entirety pursuant to a stipulated dismissal. R. 108, 109.

Pending now is a motion to intervene filed by Glenn Miller, filed on the day of the entry of the stipulated dismissal. R. 110. Miller wishes to intervene so that he can appeal "the Court's rulings that the case could not proceed as a class action." R. 110

at 3 ¶ 9. Miller cites cases in which a putative class member was permitted to intervene for purposes of appealing the denial of class certification after the original named plaintiffs settled or otherwise decided not to appeal the denial after a case's end. R. 110 at 3 ¶ 8 (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977); *Roe v. Town of Highland*, 909 F.2d 1097, 1109; *Larson v. JPMorgan Chase & Co.*, 530 F.3d 578, 583 (7th Cir. 2008)). Even after dismissal of the case, those opinions held, the proposed intervenor acted timely given the named class representatives had been validly expected to pursue an appeal.

As the City points out, however, there is a crucial difference between the cited cases and Miller's proposal here. In those other cases, the lawsuits had been brought as proposed class actions. *McDonald*, 432 U.S. at 388 ("Romasanta then promptly filed the present suit as a class action"); *Roe*, 909 F.2d at 1098 (the plaintiff "was the named plaintiff for a putative class of women"); *Larson*, 530 F.3d at 580 ("the three plaintiffs brought this federal securities suit on behalf of themselves and all other stockholders"). So there was no question that the putative class members could rely on the named plaintiffs to pursue the class actions; after all, the named plaintiffs had proposed the class actions in operative complaints and were already litigating the propriety of certification. It would be senseless to give putative class members a reason to clog the courts with another lawsuit, especially where the putative class member had "no reason … to suppose that [the named plaintiffs] would not later take an appeal," *McDonald*, 432 U.S. at 394.

Here, there never was an operative complaint that asserted a proposed class action. As the Court previously explained, R. 59, neither the original complaint nor the amended complaint did so. Ali had never given notice that he sought to sue as a class representative, Fed. R. Civ. P. 23(c), so the Court struck the class-certification motion, R. 41, that he had sprung on the defense just two days before the close of discovery. R. 59. Ali later did file a motion to file a second amended complaint that he could add a proposed class action. R. 62. As explained in the Opinion that also addressed the summary judgment motions, the proposed amendment came much too late in the case, even when measured against the forgiving standard of Federal Rule of Civil Procedure 15(a)(2). R. 103 at 7–10 (explaining that the thrice-extended fact discovery would have to be extended again to explore whether certification of a class of approximately 2,942 arrestees was appropriate).

Unlike *McDonald*, *Roe*, and *Larson*, the case filed by Ali never presented an operative complaint with a proposed class action. So, unlike the putative class members in the cited cases, Miller did not reasonably rely on Ali's case to pursue class

certification. Indeed, by December 23, 2019, the City had already moved to strike the certification motion, pointing out that Ali had never sought to bring the suit as a proposed class action and had filed the certification motion two days before fact discovery closed. R. 53 at 1, 4. The alarm bells should have rung loud and clear that Miller should move to intervene then or, more cautiously, should file suit (with the two-year limitations period ending on January 19, 2020). In any event, because Ali never even successfully *proposed* a class action, what *McDonald* called the "critical fact" was never triggered here: "that the interests of the unnamed class members would no longer be protected by the *named class representatives*," 432 U.S. at 395 (emphasis added). Ali was never even a named class representative. The motion to intervene was not timely brought, so it is denied.

                                          ENTERED:

                                                           s/Edmond E. Chang
                                          Honorable Edmond E. Chang
                                          United States District Judge

DATE: March 24, 2021